CV 13- 0907

SPATT, J.

BROWN, M. J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRISTOPHER E. BROWN,
*an individual*,

        Plaintiff,

vs.

BRIXMOR SPE 6 LLC,
*a Delaware Limited Liability Company*

        Defendant.
-----------------------------------------------------------x

JURY TRIAL NOT/DEMANDED

Index No.

Judge

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN (hereinafter "MR. BROWN"), through his undersigned counsel, hereby files this Complaint and sues Defendant, BRIXMOR SPE 6 LLC, a Delaware Limited Liability Company, for damages, declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et seq., and N.Y. Exec. § 296(2)(a) and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for damages, declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et seq., and N.Y. Exec. § 296 et seq. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and pendant and supplemental jurisdiction over state law claims that are alleged herein pursuant to 42 U.S.C. § 1367, et seq.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. MR. BROWN is a resident of the State of New York.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant, BRIXMOR SPE 6 LLC, (hereinafter referred to as "Defendant") is a Delaware Limited Liability Company registered to do business in New York. Upon information and belief, Defendant is the owner of the real property and improvements which are the subject of this action, to wit: a shopping plaza, (the "Property") generally located at 219 Glen Cove Rd., Carle Place, New York 11514.

7. All events giving rise to this lawsuit occurred in the Eastern District of New York.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

9. The Property, a shopping center, is a place of public accommodation and is subject to the ADA.

10. MR. BROWN has visited the Property generally located at 219 Glen Cove Rd., Carle Place, New York 11514.

11. However, during his visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. Due to these barriers, MR. BROWN was denied, and continues to be denied, the full and equal enjoyment of the goods and services offered at the Property.

13. MR. BROWN continues to desire to visit the Property, but continues to encounter serious difficulty due to the barriers discussed herein which still exist.

14. MR. BROWN intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

15. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the below architectural barriers, which were personally encountered by Plaintiff and hindered his access to the Property:

   A. Plaintiff encountered/observed inaccessible parking throughout the Property due to access aisles with excessive slopes, especially near Hale & Hearty;

   B. Plaintiff encountered inaccessible curb cuts throughout the Property due to narrow width, excessively steep slopes and side flares, and failure to create a smooth transition; and

   C. Plaintiff encountered difficulty inside the stores at the Property due to high payment and service counters.

16. Furthermore, the Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded,

denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## COUNT II-VIOLATION OF NEW YORK CIVIL RIGHTS LAW

22. The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

23. Defendant operates a business establishment dealing with goods and/or services within the jurisdiction of the State of New York and, as such, is obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law section 290 et seq.

24. The conduct alleged herein violates the ADA.

25. The conduct alleged herein violates the NYSHRL.

26. The NYSHRL states that "[i]t shall be an unlawful discriminatory practice for any . . . owner . . . of any place of public accommodation, . . .because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof[.]" N.Y. Exec. Law section 296(2)(a).

27. The Defendant has violated the NYSHRL by, *inter alia,* denying Plaintiff the accommodations, advantages, facilities or privileges offered by Defendant, by refusing to make reasonable modifications to accommodate disabled persons.

28. In doing the acts and/or omission alleged herein, Defendant wrongfully and unlawfully denied access to its facilities to individuals with disabilities.

29. The Defendant has further violated the NYSHRL by being in violation of the rights provided under the ADA.

30. Plaintiff visited Defendant's Property and encountered architectural barriers as described herein.

31. By maintaining architectural barriers and policies that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided by Defendant. Failure on the part of Defendant, as a reasonable and prudent public accommodation, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendant.

32. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

33. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## THIRD COUNT III-VIOLATION OF NEW YORK'S CIVIL RIGHTS LAW §40-c

### (N.Y. Civ. Rights §§ 40-c and 40-d)

34. Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

35. As owner and/or operator of a place of public accommodation within the jurisdiction of the State of New York, Defendant is obligated to comply with the provisions of the NYSCRL, N.Y. Civ. Rights section 40 et seq.

36. The conduct alleged herein violates the NYSCRL.

37. Plaintiff has complied with the notice requirements of N.Y. Civ. Rights section 40-d as notice of this action was served upon the attorney general prior to initiating suit.

38. Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution[.]"

39. The Defendant has violated the NYSCRL section 40-c, *inter alia*, by subjecting Plaintiff as a person with a disability, to discrimination in his civil rights.

40. The Defendant has further violated the NYSCRL by being in violation of the rights provided under the ADA.

41. This has resulted in a cognizable injury to Plaintiff.

42. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

43. Plaintiff prays for judgment pursuant to N.Y. Civ. Rights section 40-d, including minimum statutory damages, and all other relief allowed by law.

**WHEREFORE**, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**KU & MUSSMAN, P.A.**
*Attorneys for Plaintiff*
12250 Biscayne Blvd., Suite 406

Miami, FL 33181
Tel: (305) 891-1322
Fax: (305) 891-4512

By: _Olivia D. Rosario_ 2/19/2013.
KU & MUSSMAN, P.A.
Attorney for Plaintiff
Olivia D. Rosario (OR5730)
Law Office of Olivia D. Rosario
*Of Counsel*
111 Broadway, Suite 1801
New York, New York 10006
T: (212) 349-1836; F: (212) 349-9149